STATE v. WILL BYNUM, et al.

*Practice—Autrefois Convict.*

When the separate property of two persons is stolen from each at the same time, a conviction for theft from one is not a bar to a prosecution for the theft from the other.

INDICTMENT for larceny, tried before *Hoke, J.,* and a jury, at August Term, 1895, of MOORE Superior Court. The defendants were convicted and appealed. The facts are stated in the opinion of Chief Justice FAIRCLOTH, and in the report of another case against same parties at this Term. (See *State* v. *Bynum, et al, ante*).

*The Attorney General* and *Messrs. Douglass & Spence,* for the State.

*Messrs. R. L. Burns* and *H. E. Norris,* for defendants (appellants).

STATE v. WILLIAMS.

FAIRCLOTH, C. J.: The defendants are indicted in the ordinary form for stealing money and one pocket-knife from the person of W. W. Harris, and were convicted and sentenced to the penitentiary for seven years. The evidence showed that said Harris and B. E. Barbee were asleep at night by a camp fire, when defendants assaulted and took from each one his separate money at the same time. The defendants excepted to the judgment of seven years confinement, as a violation of the Act of 1895, Ch. 285, and relied on the plea of *autrefois convict*. The record relied upon for the latter plea failed to support it, as it showed an offence against another man, i. e., B. E. Barbee, committed at the same time. *State* v. *Nash*, 86 N. C., 650. The first exception is disposed of in the other case at this Term against the same parties; also the bill in this case charges the offence against the person under Section 2 of the Act.

No Error.