## JOHNSTON, Warden, v. LAGOMARSINO et al.

### No. 8209.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1937.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and A. J. Zirpoli, Asst. U. S. Atty., all of San Francisco, Cal., for appellant.

Raymond J. O'Connor, of San Francisco, Cal., for appellees.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Reversal is sought from an order of the District Court granting a writ of habeas corpus discharging the appellee Ray Lagomarsino, from custody of the appellant. Appellee Ray Lagomarsino was indicted on five counts. The charging part of count one is that appellee Ray Lagomarsino "did then and there unlawfully, wilfully, knowingly, and feloniously break into a certain post office and a building used in part as a post office at said Colma with the intent on the part of them, the said defendants, to commit larceny in such building and in the part thereof so used as a post office"; and count 2 omitting the technical charging words, "with the intent to rob said mail," "cut a certain mail pouch used for the conveyance of mail," describing it; count 3 charges that appellee Ray Lagomarsino "did steal, take and abstract from and out of an authorized depository for mail matter * * * a certain parcel addressed to H. M. Russell, Room 255 Pacific Building, San Francisco * * * intended to be conveyed by mail and carried and delivered by means of the Post Office establishment of the United States to the person to whom the same was addressed"; count 4 charges that appellee, Ray Lagomarsino, did "steal, take and abstract from and out of an authorized depository for mail matter * * * a certain parcel addressed to Mr. Angelo Revere"; count 5 charges did "steal, take and abstract from and out of an authorized depository for mail matter * * * a certain insured parcel * * * addressed to Harry Deller, Box 95, Colma * * *."

The defendant was, on conviction, imprisoned "for the period of five (5) years each on counts one and two * * * to run concurrently * * * for a period of five (5) years as to the third count of the indictment * * * to commence and run upon the expiration and execution of the judgment imposed upon said defendant under counts one and two * * * for the period of five (5) years as to the fourth count to commence * * * at the expiration and execution of the judgment imposed * * * under count three * * * for * * * five (5) years as to the fifth count * * * to commence * * * at the expiration and execution of the judgment imposed on defendant under count four." Defendant claims the maximum sentence that may be imposed under section 317, title 18, U.S.C. A., is five years, and under section 312, title 18, U.S.C.A., is three years. The petitioner charges that the sentences imposed on counts four and five are excessive, illegal, and void. That the lawful sentences imposed have been served, and further detention is illegal.

Section 317, title 18, U.S.C.A., provides: "Whoever shall *steal*, take, or abstract, or by fraud or deception obtain, from or out of any mail, *post office* or *station* thereof, or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail * * * shall be fined not more than $2,000, or imprisoned *not more than five years*." (Italics supplied.)

Section 312, title 18, U.S.C.A., provides: "Whoever shall tear, cut, or otherwise injure any *mail bag*, pouch, or other thing used or designed for use in the conveyance of the mail * * * shall be fined not more than $500, or imprisonment *not more than three* years, or both." (Italics supplied.)

Mr. Justice Story in United States v. Winn, Fed.Cas. No. 16,740, 3 Sum. 209, 211, quoted by Chief Justice Fuller, in U. S. v. Lacher, 134 U.S. 624, 10 S.Ct. 625, 626, 33 L.Ed. 1080, said: "It appears to me * * * that the proper course in all these cases is to search out and follow the true intent of the legislature, and to adopt that sense of the words which harmonizes best with the context, and pro-

motes in the fullest manner the apparent policy and objects of the legislature."

■ These two sections apply to two separate and distinct offenses. One injury to a "mail bag," and the other refers to taking from a depository of "mail matter." Each has a distinctive function. The mail bag carries the mail and informative matter, and such was no doubt the intent of the Congress, for mail could not have been intended by the Congress as a generic term and cover the express purpose of these sections which are to protect the bag and the mail within the bag. The intent of the act is to make it an offense to cut each mail bag and when a bag was cut the offense was complete. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151.

The parcels charged to have been stolen under counts 3, 4, and 5 are three separate articles and had a different addressee. It is conceded by the appellant that the taking might have been simultaneous and continuous.

■ In Braden v. U. S. (C.C.A.) 270 F. 441, in which Judge Sanborn, later Justice of the Supreme Court, sat with the other Circuit Judges, it is said held that the larceny of four horses from a barn at the same time constituted but one offense. While every presumption must be indulged in favor of the judgment and sentence, Hall v. Johnston, Warden (C.C.A.) 86 F.(2d) 820, just decided, but where upon the face of the record it is disclosed that the offense charged involved several separate articles, not charged as separately taken, but which may have been simultaneous and continuously taken, a different relation obtains. Suppose a flock of sheep is stolen as one act. May the thief be punished for stealing each sheep simultaneously and continuously driven away? If a person kills a flock of sheep, unless under very peculiar circumstances, the killing of each sheep would be a separate act, as cutting separate mail bags. To take several letters from a mail depository simultaneously and continuously is one act and comprehends one intent.

This court held in Parmagini v. U. S., 42 F.(2d) 721, that concealment and distribution of narcotics was a part of and indivisible acts of the offense of selling. That case, however, is distinguished from this in that the concealing and distributing were merely steps to the consummated act of selling. The acts charged in counts 3, 4, and 5 connote a simultaneous and continuous act, therefore, are indivisible parts of the act charged in count 3.

Appellee concedes that the sentences on counts 1, 2, and 3 are valid, but contends that as to counts 4 and 5 the sentences pronounced were void because the charges in said counts were indivisible parts of the offense charged in count 3, and having served the sentences on counts 1, 2, and 3, his further detention is unlawful. The District Court so held and ordered the defendant discharged.

Affirmed.