#### McKEE v. JOHNSTON, Warden.
#### No. 9235.

Circuit Court of Appeals, Ninth Circuit.
Dec. 6, 1939.

Rehearing Denied Dec. 29, 1939.

Frank McKee, in pro. per.

Frank J. Hennessy, U. S. Atty., and Robert B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order denying a petition for a writ of habeas corpus.

Jointly with others, appellant was indicted in the federal court for the District of Minnesota for violations of the statute punishing the stealing of mail matter, 18 U.S.C.A. § 317, and for conspiracy to commit the offenses, 18 U.S.C.A. § 88.

The indictment contained twelve counts, of which counts one and two were dismissed. Counts three to eleven, inclusive, charged the defendants with stealing nine letters from six registered and locked mail pouches, bearing separate numbers, at the Milwaukee station in the city of Minneapolis on January 3, 1933. The letters referred to in counts five, six and ten were alleged to have been taken from a single pouch, as were the letters mentioned in counts nine and eleven. Count twelve charged the conspiracy.

Appellant pleaded guilty to all counts except the two which had been dismissed, and on March 28, 1934 was sentenced as follows:

"Considered and adjudged: that Frank McKee * * * is guilty as charged and that as punishment therefor, he be committed * * * for a period of Seventeen (17) years and to pay a fine of $5,000.00.

&ast; &ast; &ast; &ast; &ast; &ast;

"The foregoing seventeen-year term of imprisonment imposed upon the defendant Frank McKee shall constitute a single general sentence under and on counts three, four, five, six, seven, eight, nine, ten, eleven and twelve of said indictment."

The maximum penalty for a violation of 18 U.S.C.A. § 317 is five years and a fine of $2,000. The maximum penalty for a violation of the conspiracy statute is two years and a fine of $10,000.

It is first contended that there was error in not ordering that the body of appellant be produced in court, in view of

the requirements of R.S. § 755, 28 U.S.C.A. § 455,[1] and R.S. § 758, 28 U.S.C.A. § 458.[2] Appended to appellant's petition were certified copies of the indictment, the judgment and sentence and the commitment. As provided by the statute, if it appears from the petition itself that the party is not entitled to the relief asked, the writ should not be awarded. In this instance the petition presented questions of law only, and these the court was in a position to decide adversely to appellant on the facts appearing in his own petition. Brown v. Johnston, 9 Cir., 91 F.2d 370; compare Ex parte Yarbrough, Ku-Klux Cases, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274. While a show cause order was issued, to which the warden made a return, this course was unnecessary in view of the contents of the petition.

It is urged, on the authority of Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, that the stealing of all nine letters was but a single offense for which the maximum imprisonment is five years. Adding to this the two-year sentence which might be imposed on the conspiracy charge, and deducting allowance for good conduct, it is claimed that appellant has served the total term imposable, and is entitled to his liberty.

The statute, as it read at the time of the indictment, provided that "Whoever shall *steal*, take, or abstract, or by fraud or deception obtain, from or out of any mail, post office or station thereof, or *other authorized depository for mail matter*, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or *shall abstract* or remove *from any such* letter, package, bag or mail, *any article or thing* contained therein * * *", shall be punished as specified. (Italics supplied.)

■ In Johnston v. Lagomarsino, supra, it was held that separate counts alleging the abstraction at the same time of three different parcels from the same mail pouch charged but a single offense. Here there was a felonious taking of mail matter from each of six different pouches. It may be assumed, and the assumption is probably warranted by the language of the indictment, that each taking was part of a continuous transaction. However, it does not appear that the takings were simultaneous.

Since the record is not before us we are entitled to assume, in support of the judgment, that the takings were not simultaneous and that they were selective. Ex parte Yarbrough, Ku-Klux Cases, supra, 110 U.S. pages 653, 654, 48 S.Ct. 152, 28 L.Ed. 274.

■ In Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 711, 59 L.Ed. 1151, it was held that an indictment alleging in separate counts the cutting and injuring, on a certain date, of a number of mail bags, charged a separate offense as to each bag cut. Said the court, "the offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag." No distinction of significance can be drawn between the statute there involved, 18 U.S.C.A. § 312, and the one before us. A locked and registered mail pouch, consigned by the postal authorities to a named destination, is an authorized depository for the mail matter contained in it. It is made an offense to steal a letter from any authorized depository. It is also an offense denounced by the statute to abstract from a mail pouch any article or thing contained therein. Here, each of the pouches bore a different number and the required proof of the theft differed in the case of each pouch.

■ It is clear that not less than six offenses under § 317 were charged. Whether the indictment properly charged nine offenses against that statute we need not and do not decide. Assuming that there were but six, and taking into account the offense of conspiracy, an aggregate term of thirty-two years' imprisonment could legally have been imposed. It is well settled that a general or gross sentence may be imposed under an indictment containing several counts, provided the sentence does not exceed the aggregate which could have been imposed had sentence been pronounced severally on each count. Jones v. Hill, 3 Cir., 71 F.2d 932, and authorities there cited.

Appellant concedes the validity of a gross sentence, provided all the counts properly charge separate offenses; but he claims that, assuming there were six offenses under § 317, the court exceeded its power by sentencing him on the three

[1] "The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto."

[2] "The person making the return shall at the same time bring the body of the party before the judge who granted the writ."

"illegal" counts; and that as there is no way of determining what period of time was intended to be assigned to these illegal counts, the whole sentence is void for uncertainty. But we discover no uncertainty in the sentence as regards either its time of commencement or its duration; and no misapprehension in these respects can exist on the part of those upon whom falls the responsibility of executing it. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

██ A judgment is not void merely because grounded on an indictment containing a number of counts, some of which do not state separate offenses. In this case the sentence of seventeen years was well within the power of the court to impose on those counts which were clearly good. Compare Feigin v. United States, 9 Cir., 3 F.2d 866; Neeley v. United States, 4 Cir., 2 F.2d 849. In this sort of proceeding it will be presumed, if necessary to support the judgment, that the court intended to impose the sentence pronounced irrespective of the fact that some of the counts may not be thought to state separate offenses.

█ It is well settled that where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the authorized portion of the sentence a nullity, but leaves open to attack on habeas corpus only such portion of the sentence as is excessive. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. The rule applicable here is analogous to that principle.

Affirmed.