KERR v. SQUIER, Warden.

No. 10996.

Circuit Court of Appeals, Ninth Circuit.

Sept. 28, 1945.

John M. Schermer and James W. Mifflin, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order dismissing a petition for a writ of habeas corpus seeking appellant's release from the United States penitentiary at McNeil Island, Washington.

The indictment containing seven counts in Cause No. 5925-CR was returned on September 30, 1933, to which appellant, then defendant, George Kerr plead guilty to counts 2, 4, 5, 6 and 7, Counts 1 and 3 of said indictment being dismissed on motion of the government, whereupon Kerr was sentenced by the court to imprisonment on the second count for a period of ten years, on the fourth, fifth and sixth counts for a period of five years each, and on the seventh count for a period of two years and to pay a fine of $1,000.00, sentence under fourth count to commence to run upon expiration of sentence under second count; sentence under fifth count to commence to run upon expiration of sentence under fourth count; sentence under sixth count to commence to run upon expiration of sentence under fifth count, and sentence under seventh count to commence to run upon expiration of sentence under sixth count.

That indictment charged Kerr with violation of 18 U.S.C.A. § 320 in count two, in that he did rob one Walter E. Williams, a person having lawful charge, control and custody of certain mail matter being described as three registered mail bags thereof, and in counts four, five, and six, in that defendant did commit larcenies from and out of a post office of the United States of certain mail bags which were under separate labels and locks, and which charges were based upon violation of 18 U.S.C.A. § 317, and in count seven in that defendant did conspire with others to commit the offense charged in the preceding counts of the indictment.

The court below after finding his present imprisonment at McNeil Island to be based on the sentences for the above terms further found:

"IV. That while an inmate of said institution said petitioner's conduct has been good and he has worked in prison industries and from a computation of the time served by said petitioner, it appears he has already completed service of the legal maximum time of imprisonment in custody imposed under counts 2, 4 and 7 of said indictment, and that on a cumulative sentence of seventeen years thereunder would have been entitled to conditional release on July 28, 1944, or, with fine, August 28, 1944.

"V. That the three mail bags described in counts 4, 5 and 6 of the indictment were simultaneously taken and their taking involved but one transaction and were all of the mail bags carried at that time by the said Walter E. Williams, custodian thereof named in said indictment and each was under a separate label and lock as set forth in the said counts, to-wit:

"In count 4 as bearing label 'From Sacramento, California, to San Francisco, California,' and closed by rotary lock No. J 1988-425;

"In count 5 as bearing label 'From Sacramento, California, to Chicago, Illinois,' and closed by rotary lock No. H18880-384; and

"In count 6 as bearing label 'From Sacramento, California, to Sacramento Terminal, Sacramento, California,' and closed by rotary lock No. L 1057-11."

Since on finding IV Kerr would have been entitled to conditional release on August 28, 1944, if sentences 2, 4, and 7 are alone valid, the question before us is whether sentences 5 and 6 are valid.

██ Kerr contends that since the "simultaneous" taking of the three mailbags was but "one transaction" there was but one offense and not the three offenses described in counts 4, 5 and 6. Hence since he has served his term on count 4, and his terms on other counts, he is now entitled to release.

The pertinent portions of the provisions of 18 U.S.C.A. § 317 creating the offenses for which Kerr was sentenced are:

"Whoever shall steal, take, or abstract * * * from or out of any * * * post office * * * any letter, postal card, package, bag, or mail * * * shall be fined not more than $2,000, or imprisoned not more than five years, or both."

It will be noted that the taking of a "bag" and the taking of a "letter" are each equally an offense. We can see no difference between a simultaneous taking of several letters as a single transaction and the similar taking of the three mails bags here found by the court. In Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, 88, we have held that a taking of three letters in such a simultaneous and single transaction as here found by the district court, constitutes a single offense, and ordered the release of Lagomarsino upon the service of the first of three sentences for the taking of the letters. We there held:

"The parcels charged to have been stolen under counts 3, 4, and 5 are three separate articles and had a different addressee. It is conceded by the appellant that the taking might have been simultaneous and continuous.

"In Braden v. United States, 8 Cir., 270 F. 441, in which Judge Sanborn, later Justice of the Supreme Court, sat with the other Circuit Judges, it is held that the larceny of four horses from a barn at the same time constituted but one offense. While every presumption must be indulged in favor of the judgment and sentence, Hall v. Johnston, Warden, 9 Cir., 86 F.2d 820, just decided, but where upon the face of the record it is disclosed that the offense charged involved several separate articles, not charged as separately taken, but which may have been simultaneous and continuously taken, a different relation obtains. Suppose a flock of sheep is stolen as one act. May the thief be punished for stealing each sheep simultaneously and continuously driven away? If a person kills a flock of sheep, unless under very peculiar circumstances, the killing of each sheep would be a separate act, as cutting separate mail bags. To take several letters from a mail depository simultaneously and continuously is one act and comprehends one intent.

"This court held in Parmagini v. United States, 9 Cir., 42 F.2d 721, that concealment and distribution of narcotics was a part of the indivisible acts of the offense of selling. That case, however, is distinguishable from this in that the concealing and distributing were merely steps to the consummated act of selling. The acts charged in counts 3, 4, and 5 connote a simultaneous and continuous act, therefore, are indivisible parts of the act charged in count 3.

"Appellee concedes that the sentences on counts 1, 2, and 3 are valid, but contends that as to counts 4 and 5 the sentences pronounced were void because the charges in said counts were indivisible parts of the offense charged in count 3, and having served the sentences on counts 1, 2, and 3, his further detention is unlawful. The District Court so held and ordered the defendant discharged. Affirmed."

In McKee v. Johnston, 9 Cir., 109 F.2d 273, where it was not shown that there was simultaneous taking, we considered and distinguished the Lagomarsino case, stating at page 275 of 109 F.2d:

"* * * it does not appear that the takings were simultaneous. Since the record is not before us we are entitled to assume, in support of the judgment, that the takings were not simultaneous and that they were selective."

Appellee relies on the fact that to prove the taking of each of the bags in each of the counts 4, 5 and 6 requires a separate

description of the bags; but the same is true of each of the several letters in the separate counts of the Lagomarsino case. In both cases when the proof is made on any count the simultaneity and singleness of the taking of the three bags would appear. The situation was different in McKee v. Johnston, supra, where the offense was a separate taking of letters from separate pouches requiring the separate and deliberate act of cutting the several pouches. Obviously there would be needed a description of each bag to separate one cutting and taking offense from another.

Our decision in the Lagomarsino case was followed in the district court of the northern district of California, southern division, in Colson v. Johnston, 35 F.Supp. 317, where as here several mail bags were taken in a single and simultaneous transaction. We later favorably considered the Colson case in distinguishing it in a second appeal in McKee v. Johnston, 125 F.2d 282, at page 283, stating:

"Aside from the fact that the authority of a case decided by a district court is not compelling in a Circuit Court of Appeals, it appears to us that the indictment referred to in Colson v. Johnston, Warden, D.C. Cal., 35 F.Supp. 317, called to our attention by appellants as supporting their cause, did not charge the abstraction of letters, etc., from the mail bags stolen, but simply designated the theft of each bag in a separate count."

██ Kerr had been before this court on an appeal from the denial of a prior petition, decided September 10, 1942. Kerr v. Johnston, 130 F.2d 637. Quite likely the district court below felt it was justified in following the decision on that appeal. Cf. Salinger v. Loisel, 265 U.S. 224, 230, 44 S. Ct. 519, 68 L.Ed. 989.

However, disposition of this present petition is a clear illustration of the value of the doctrine that in habeas corpus proceedings the adjudication of a prior petition for release from imprisonment for the same crime, does not make res judicata any matters there decided, much less make adjudicated all the rights to release which could have been but were not presented in that prior petition. Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 86 L.Ed. 1302.

At the time of the disposition of Kerr's first petition on September 10, 1942, Kerr was not entitled to release on the contentions there made because it was not until August 28, 1944, that he had served his term of imprisonment on count 4. Hence anything said concerning sentences on 4, 5 and 6 is beside the mark. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Moreover the sole contention there made was that count 2 described the same offense as those separately described in counts 4, 5 and 6 and hence all three of the latter sentences were invalid and Kerr entitled to immediate release. The record in that first Kerr case contains no such finding as here that the taking of the three bags was simultaneous in a single transaction. Hence the statement in our earlier opinion that "the offenses described in counts 4, 5 and 6 were distinct offenses from one another" has no relevance now in view of the finding of singleness and simultaneity by the court below

Appellee also relies on Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151. That case involved a different statute, section 189 of the criminal code, 18 U.S.C.A. § 312, creating the offense of cutting mail bags [1] with a criminal intent. The facts there were that there was a cutting "successively" of the bags. 237 U.S. at page 629, 35 S.Ct. 710, 59 L.Ed. 1151. Appellee also cites a statement in Phillips v. Biddle, 8 Cir., 15 F.2d 40, 41:

"The case of Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, is direct authority that the theft of each bag was a separate offense, even though all of the bags were taken in the same theft."

That case (Ebeling v. Morgan) neither states nor holds anything concerning the taking of mail bags. That case involved solely the cutting of bags, necessarily separate and successive and not simultaneous and single transactions.

The order appealed from is reversed and the appellant is ordered conditionally released from McNeil Island penitentiary.

---

[1] "Whoever shall tear, cut, or otherwise injure any mail bag, pouch, or other thing used or designed for use in the conveyance of the mail, or shall draw or break any staple or loosen any part of any lock, chain, or strap attached thereto, with intent to rob or steal any such mail, or to render the same insecure, shall be fined not more than $500, or imprisoned not more than three years, or both."