**MUGAVERO v. SWOPE.**

**No. 29017–E.**

United States District Court

N. D. California, S. D.

Sept. 23, 1949.

John Mugavero, in pro. per.

Frank J. Hennessy, United States Attorney, Joseph Karesh Assistant United States Attorney, San Francisco, Cal., for respondent.

---

ERSKINE, District Judge.

This is a petition for a writ of habeas corpus. An order to show cause was issued, whereupon respondent replied with a motion to dismiss the petition on the following grounds:

1. That petitioner has not filed a motion in the trial court to vacate the sentence imposed as per 28 U.S.C.A. § 2255:

2. That the petition fails to state a cause of action upon which relief can be granted.

### (1) Necessity for Motion to Trial Court.

■ Section 2255 of Title 28 does **require** such motion to the trial court before a habeas corpus petition will be heard, with the following exception, which is the last clause of section 2255: "* * * unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Therefore the question is whether such remedy would be adequate or effective in the instant case.

Petitioner alleges correctly that his co-defendant filed such a petition in the trial court predicated upon the same grounds advanced herein by petitioner. This motion was denied by the trial court, upheld by the Circuit Court of the 2nd Circuit in the case of Oddo v. United States, 171 F. 2d 854, a decision which, as will be pointed out below, seems contrary to the decisions of the 9th Circuit on the point. Thus, it seems logical to conclude that a motion by petitioner to the trial court would be ineffective.

The applicability of this last clause of Section 2255 has apparently risen in only two cases. In St. Clair v. Hiatt, D.C. 83 F.Supp. 585, petitioner had not complied with the requirement of motion to the trial court prior to bringing of the writ of habeas corpus. However, prior to the effective date of the statute, the petitioner had carried on correspondence with the trial judge, which the latter declared he would treat as a motion to correct the sentences. No appeal was taken from the decision of the trial judge not to correct said sentences. Nevertheless the Court hearing

the habeas corpus petition held that there was sufficient compliance with Section 2255.

The most analogous case to the present one is Stidham v. Swope, 82 F.Supp. 931, in which Judge Denman of the Ninth Circuit Court of Appeals granted the petition for the writ despite the failure of the petitioner to move the trial court to vacate the sentence, holding that such a motion was inadequate and ineffective to test the legality of petitioner's detention. He based this holding on the fact that the petitioner in Alcatraz was 1500 miles from the sentencing court, with the attendant expense, time and trouble involved in the motion and the consequent appeal, whether or not the petitioner was personally removed back to the locale of the sentencing court, and on the fact that the case could be much more summarily disposed of in San Francisco, since the Warden at Alcatraz was easily available. Judge Denman was undoubtedly influenced by the fact the petitioner in that case apparently had valid grounds for asking for release. With that factor in mind it is probably correct to state that the question of whether a motion to the sentencing court would be effective or not depends to a large extent upon our conclusions as to the substantive merits of the petitioner's case.

(2) Substantive Basis for Petition.

■ Unfortunately, in his petition for dismissal, respondent has chosen to rest his case primarily on the issue of the necessity of motion to the sentencing court, and discusses the substantive issue only to the point of citing United States v. De Normand, 2 Cir., 149 F.2d 622, which was the original appeal by petitioner from his judgment of conviction. This, however, does not meet the main objection of petitioner, which is that the decisions of the 9th Circuit are contrary to those of the 2nd Circuit, which decided the De Normand case, and also the case of Oddo v. United States, 171 F.2d 854, brought by petitioner's codefendents, where the exact point under consideration here was decided adversely to the petitioner.

The facts underlying this petition are somewhat as follows.

Petitioner was indicted and convicted on nine separate counts. Count 1 charged the theft from "certain trailer trucks" of an interstate shipment of freight consisting of 1005 cases of whiskey. At the trial it was proven that 590 of such cases were in one truck, called truck #3, and 415 in another truck, called truck #4. Counts 3 to 8 charged the theft from "a certain trailer truck" of an interstate shipment of freight consisting of numerous cases of wine, tomato juice, and so forth. The proof showed that all of the merchandise in counts 3 to 8 were in truck #4. Count 9 charged a violation of the conspiracy statute. Petitioner was convicted on all counts, and was sentenced to 5 years for count 1 and 5 years for counts 3 to 8, and 2 years for count 9, to run consecutively. It might be here noted that truck #4 was a completely closed truck with locked doors.

Petitioner argues here, as did the petitioner in the identical case of Oddo v. United States, supra, that since count 1 covered the goods in truck #3 plus some of the goods in truck #4, and since, therefore, possession actual or constructive of truck #4 was necessary in order to convict under count #1, as found in United States v. De Normand, supra, there was no additional criminal act for which he could be convicted, and that the imposition of the additional five years under counts 3 to 8 was a second sentence for the same offense. In substance, the contention is that a thief who steals a vehicle and its contents commits but one theft, even though the vehicle contains packages of different kinds of goods belonging to different owners.

As the Court pointed out in Oddo v. United States, supra, the question whether the stealing of the goods of different owners at one time and place constitutes several offenses or only one has been much mooted in the courts and has produced divergent answers. That court, the 2nd Circuit, could discover no controlling Supreme Court authority, and decided that counts 3 to 8 charged offenses separate from the crime charged in count 1. The reasoning of that court is based primarily

upon the following quoted paragraph: "The test of the identity of offenses, when double jeopardy is set up, is whether the evidence sustaining one indictment or count would have proved the other indictment or count. (Citing cases.) Proof that the appellant feloniously took possession of the 415 cases of whiskey belonging to Park & Tilford Import Corporation in truck No. 4 and involved in count 1 would not have proved that he feloniously took possession of the different merchandise of different ownership specified in counts 3 to 8." 171 F.2d 854, at page 857.

However, it appears that the court overlooked the important fact that truck #4 was a locked truck and was never moved or tampered with. Therefore, if, as was determined, the petitioner had possession of truck #4 and the 415 cases of whiskey involved in count 1, how could it be held that he did not at the same time and place have felonious possession of the remainder of the merchandise in truck #4? Evidence to support a finding of possession of truck #4 and of the 415 cases, will also prove possession of the rest of the merchandise, enumerated in counts 3 to 8.

Turning from the facts, for a moment, and the logical difficulties in the opinion of the 2nd Circuit, to the cases in the 9th Circuit, it seems that the latter are contrary, at least in theory, to the Oddo case. Thus in Kerr v. Squier, 151 F.2d 308, it was held that three separate counts, charging theft of three mail bags from a post office, justify but one 5 year sentence, and require discharge on habeas corpus of the defendant who had served a five-year sentence on one of such counts, the trial court having found that the bags were simultaneously taken in one transaction. Again in Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, it was held that a taking of three letters in a simultaneous and single transaction constitutes a single offense, and the petitioner was ordered released upon the service of the first of three sentences for the taking of the letters.

It is difficult for me to distinguish the present case from the reasoning in those two 9th Circuit cases; it would follow that in the instant case there was not only one

transaction, but only one act which could not be divided into separate offenses. Since petitioner has served a period of time equal to the sentence imposed for counts 1 and 9, my opinion is that the respondent's petition to dismiss should be denied, without prejudice to respondent's right to more fully answer the substantive contentions of the petitioner.