## SWOPE v. MUGAVERO.

### No. 12717.

United States Court of Appeals
Ninth Circuit.

April 19, 1951.

Rehearing Denied May 24, 1951.

Frank J. Hennessy, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Malcolm T. Dungan and John M. Naff, Jr., San Francisco, Cal., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Petitioner and four co-defendants were convicted in the United States District Court for the Southern District of New York on a charge of stealing shipments in interstate commerce, in violation of 18 U.S. C.A. § 409 (now §§ 659, 2117), and on a conspiracy count under 18 U.S.C. § 88 (now § 371). Appeals were taken to the United States Court of Appeals, Second Circuit, and the judgments affirmed. United States v. De Normand, 149 F.2d 622. On November 30, 1947, one Oddo, a co-defendant of petitioner, moved in the United States District Court, Southern District of New York, under rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to vacate, as illegal, so much of the sentence as rested on counts 3 to 8 thereof. The motion was denied, an appeal taken and the order of denial affirmed. Oddo v. United States, 2 Cir., 171 F.2d 854.

Petitioner, in this habeas corpus proceeding now before us, raises almost the identical questions advanced by his co-defendant in the courts of the second circuit, which said courts decided the issues adversely to the contentions of said co-defendant. We make reference to the second circuit cases for a full discussion of the facts. We will mention herein only those facts we deem necessary to explain our decision.

The indictment under which petitioner was convicted contained nine counts. He was found guilty under each and a total of 12 years sentence imposed, made up as follows: Five years on count 1, and five years on count 2, to run concurrently; five years on each of counts 3 to 8, to run concurrently but consecutive to the sentences under counts 1 and 2, and two years on count 9, the conspiracy charge, to run consecutive to the other sentences.

Petitioner contends that the sentences on counts 3 to 8 are invalid because they charge the same offense as that charged in count 1, thus subjecting him to double jeopardy. The United States District Court for the Northern District of California, Southern Division, agreed with petitioner, entered judgment accordingly, and the United States has appealed. 86 F.Supp. 45.

Petitioner and co-defendants entered into a conspiracy to "hi-jack" two loaded trucks (referred to in this opinion as truck 3 and truck 4). The drivers of the trucks removed them from a warehouse. Truck 3 was parked across the street from the warehouse. There was not sufficient room in

that location to park truck 4 so it was parked in another block. The drivers proceeded to a cafe to get a cup of coffee. After the drivers left the cafe they walked toward truck 4 and were accosted by two men holding guns. One of the "hi-jackers" placed a gun against the back of one of the drivers and the remaining driver was accorded like treatment by another "hi-jacker". The drivers were then forced to enter the warehouse, were bound and gagged, and were left in an empty truck. As the "hi-jackers" left the warehouse they were arrested by federal agents who had been previously informed of the intended robbery by an undercover agent who participated in the robbery. This undercover agent, after the drivers were "held up", drove truck 3 to a previously arranged location. Truck 4 was not moved.

Count 1 of the indictment charges the theft of goods contained in truck 3 and truck 4. The Second Circuit held that the theft of goods contained in one or both vehicles was the subject of a separate offense so long as the goods were identifiable as being shipped by the same consignor to the same consignee. That is: Stealing goods shipped by "A" to "B" in interstate commerce is an offense, notwithstanding part of said shipment was in truck 3 and part in truck 4. Petitioner contends, and the District Court in California decided, that such a holding is contrary to the law of this circuit as declared in Kerr v. Squier, 9 Cir., 151 F.2d 308; Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86. In our view we need not reach this contention. We approach the problem from an entirely different standpoint. It is necessary to keep in mind that a conviction was had under count 2 as well as count 1, and a conviction was also had under count 3 as well as count 1. The property charged to have been stolen under count 2 was all contained in truck 3, and the property charged to have been stolen under count 3 was contained in truck 4, so that if the stealing of two separate trucks and their contents constitutes two separate crimes there is no double jeopardy in so far as count 2 and count 3 are concerned. The second circuit in its decision on the appeal from the original conviction resolved this question to our satisfaction. It did so by an analysis of the statute in question, § 409 of which reads in part: "Whoever * * * shall steal * * * from any * * * truck * * * any goods * * * which are a part of * * * an interstate * * * shipment" is guilty, etc. Here the "hi-jackers" acquired "constructive possession" of the trucks and their contents when they "held up" the drivers, thereby depriving the trucking company of its power to exercise control of the trucks through their agents. It will be noted that stealing from *a truck* is a crime. The Court, in United States v. De Normand, 2 Cir., 149 F.2d 622, 625, said: "The substantive offense of unlawfully taking possession of truck 3 and its contents is distinct from that of taking possession of truck 4 and its contents. The acts of taking were distinct. Custody of truck 3 was in driver Cimino, custody of truck 4 in driver Fiak; De Normand held a gun in Cimino's back and King held a gun at Fiak's back, as they marched them off to the terminal. The case is governed by Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, where the court held that the cutting into each of several mail sacks in a railway postal car constituted a separate crime for which the defendant could be separately punished. * * * Hence there was no error in cumulating the sentences imposed under the two groups of substantive counts."

This construction is not in conflict with Kerr v. Squier, supra. In that case Kerr was convicted of stealing three mail bags from *one* post office, in the custody of *one* man under a statute which proscribes stealing "from * * * any * * * post office * * * any * * * bag." 18 U.S.C.A. § 1708. Had three different mail bags been taken from three different post offices it could not have been successfully argued that Kerr was guilty of but one crime. The argument of appellant that the facts here disclose simultaneous taking which stamps the transaction as but one crime loses its force in face of the statute that taking from *each truck*, not the time of taking, is the distinctive feature of the crime.

Petitioner was serving 5 years on count 2 as well as count 1. He was serving 5 years on count 3 as well as 5 years on each count of 4 to 8 inclusive; the sentence on count 3 to commence to run at the expiration of the sentence on count 2. In counts 2 and 3 we have separate and distinct crimes for which separate and distinct sentences of 5 years were imposed, in all, 10 years which, added to the 2 year sentence on the conspiracy, is 12 years. These were and are legal sentences. Any asserted conflict or overlapping as to counts 1 and 3 to 8 may be disregarded and the total years to which petitioner was sentenced remain as legally imposed.

The order appealed from is reversed.