UNITED STATES of America,
Plaintiff-Appellee,

v.

Earl Joseph ANDERSON,
Defendant-Appellant.

No. 82–1682.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1983.

Decided July 6, 1983.

Harry McCarthy, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Michael Martin, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Before GOODWIN, WALLACE and REINHARDT, Circuit Judges.

GOODWIN, Circuit Judge:

Earl J. Anderson appeals his conviction under 18 U.S.C. § 1708 on three counts of mail theft. He had been charged with six counts. He asserts that the district court erred in refusing to consolidate the six counts into one count; that the government failed to prove beyond a reasonable doubt that he had the specific intent to steal the mail; and that he should have been acquitted because of an inconsistent jury verdict.

The only substantial issue is that of consolidation of counts in mail theft cases. We conclude that the court erred in refusing to consolidate in this case; but the error does not require a new trial.

On May 31, 1981, the postmaster of an Everett, Washington, post office saw Earl Anderson in a blue van leaving a post office parking lot. Later the same day he saw Anderson carrying parcels across a post office loading dock towards his van. When Anderson got into the van the postmaster approached him and asked Anderson what he was doing. He observed some packages on the floor of the van. When Anderson drove off, without answering the question, the postmaster took down the license number and called the police.

Police officers shortly arrived at Anderson's home. Mrs. Anderson consented to a search of their apartment and a storage unit in the apartment building. The storage unit was locked. The police waited for about fifteen minutes for someone to find a key, and then decided to break in through a boarded up window. At that point Anderson, who was inside, opened the door. The officers advised Anderson of his rights and he told the officers that he had been to the post office but that a man there was causing some problems so he came home.

The search uncovered a plastic bag under the house with shipping and postmark la-

bels torn off several boxes found in the storage area. Anderson apparently had removed the labels from the boxes during the fifteen minutes that police were trying to gain access to the storage unit. Anderson was arrested.

The parties stipulated that the parcels found in the storage unit had been duly mailed and not delivered; that Anderson later returned one parcel to a postal carrier; and that Anderson later delivered another parcel to his defense counsel. Counsel in turn delivered the box to the Assistant United States Attorney but it was missing at the time of trial and was not introduced into evidence.

On July 7, 1982, Anderson was indicted on six counts of mail theft in violation of 18 U.S.C. § 1708. He made a pretrial motion to compel the government to consolidate the six counts into one. The district court denied the motion and stated that it could not imagine Anderson suffering any prejudice due to the denial. Anderson's case was tried to a jury. The jury found him guilty on counts 1, 2 and 4; and not guilty on counts 3, 5 and 6.

Anderson contends that the six counts subjected him to a multiplicity of penalties while the facts of the case could rationally support only a one-count indictment and one penalty. He also contends that the trial court erred in relying on an unpublished memorandum of the Ninth Circuit to justify its decision denying the motion to compel consolidation.

The trial court apparently did rely on an unpublished memorandum, a practice that is contrary to Rule 21(c) of the rules of this court. The only precedent in this circuit dealing with the appropriate unit of prosecution for mail theft is a 1937 case in which this court said, "To take several letters from a mail depository simultaneously and continuously is one act that comprehends one intent," even though the letters are separate and each has a separate addressee. *Johnston v. Lagomarsino,* 88 F.2d 86, 88 (9th Cir.1937). *Accord, Kerr v. Squier,* 151 F.2d 308, 310 (9th Cir.1945) (several mail bags taken in a single and simultaneous transaction justifies only one count of theft).[1] *But see McKee v. Johnston,* 109 F.2d 273 (9th Cir.1939) (multiple thefts result in multiple counts when takings, although part of a single transaction, are not simultaneous). This circuit has not had recent occasion to rule on the point, but a 1981 Fifth Circuit opinion held: "The possession of the six pieces of mail stolen at the same time could properly have been the subject of only one count." *United States v. Edmonson,* 659 F.2d 549, 550 (5th Cir. 1981).

It thus appears that the trial court erred in failing to consolidate the counts. In light of Anderson's concurrent sentence, however, the error can be cured by vacating the conviction on counts 2 and 4.[2] Under Fed.R.Crim.P. 35(b), if Anderson believes that his sentence is excessive, he can bring a motion in the district court to reduce his sentence after the judgment becomes final. We express no opinion upon how the district court should dispose of such a motion.

Anderson's other points raise no legal issues deserving of comment.

The judgment of conviction and sentence imposed on count 1 is affirmed. The judgment on counts 2 and 4 is vacated.

---

1. Neither Anderson, the government, nor the trial court located the published cases. The government's argument for indicting upon separate counts is interesting but is not supported by the law of the circuit.

2. We vacate the redundant counts on the merits rather than utilize the concurrent sentence doctrine because the salient factors employed in computing release dates include the number of separate counts upon which a prisoner was convicted.