STATE OF HAWAII, Plaintiff-Appellee, *v.* ANTHONY JULIO DeGUZMAN, Defendant-Appellant, and VENTURA P. AGOSTO III, Defendant

NO. 9676

(CRIMINAL NO. 57413)

JUNE 25, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of first degree rape in violation of HRS § 707-730(1)(a)(i), sodomy in the first degree in violation of HRS

§ 707-733(1)(a)(i), two counts of kidnapping in violation of HRS § 707-702(1)(c), and robbery in the second degree in violation of HRS § 708-841(1)(b). Appellant raises two basic claims.

We see no merit in the claim that the court improperly admitted into evidence the photographic lineup by which the complaining witness identified the appellant while she was in the hospital. Given appellant's counsel's opening statement and the cross-examination of the victim, there was no error in the later introduction of the photographic lineup.

Appellant's second point is that he did not have the effective assistance of counsel at trial. Upon a review of the circumstances of this case, we are compelled to agree, and therefore reverse the judgment below and send the matter back to the circuit court for a new trial.

Appellant's counsel, in his opening statement, based the defense upon the question of identity. He informed the jury that the eye witnesses to the robbery, other than the rape victim would not be able to identify the appellant. He then told the jury that the appellant and his family would testify that he was at home at the time the crimes in question were committed. The prosecution put on its case. Appellant was identified by the rape victim but could not be identified by the other two eye witnesses to the robbery.

Although no record was made at the time it happened, apparently at or about 1:30 p.m. on the second day of trial, the State informed court and counsel that it had an additional exhibit consisting of a front and profile view of the appellant wearing a red plaid shirt. Since this exhibit had not been made available to appellant's counsel theretofore, the court, according to what it later said, ruled that it would not permit the exhibit to be introduced in evidence by the State in its case-in-chief but might allow it to be introduced in rebuttal. Subsequently appellant's trial counsel asked leave to withdraw as counsel, citing the photograph and a disagreement with his client.

The court gave a week's continuance to allow trial counsel to consult with appellant and to advise him of his rights and options. From the record, it does not appear that such consultation took place. Both appellant and his counsel indicated to the court that the relationship had deteriorated to such a point that the two could not talk.

When the week's continuance was over, trial counsel renewed his request to be allowed to withdraw, and introduced in evidence, for the purpose of the motion, the photographic exhibit which the State had belatedly produced the week before. It appears in the trial court record

Vol. II at 87 as defendant's Exhibit A.

The State had previously introduced in evidence as Exhibit 26, a shirt found near the robbery scene and identified as such by the eye witnesses. The pattern of that shirt is obviously identical to the shirt being worn by the appellant in Exhibit A. A colloquy between the court and appellant followed in which appellant stated that he did not want his trial counsel as his counsel, and that trial counsel was supposed have brought in the defense witnesses. The court then asked the appellant:

Mr. DeGuzman, are you ready to proceed? Do you have any witnesses?

THE DEFENDANT: I'm not ready to do nothing right now.

The court again asked:

Do you have any evidence to present, Mr. DeGuzman?

THE DEFENDANT: I don't know nothing about this case right now.

The court then stated:

All right. Ladies and gentlemen of the jury, this is all the evidence you will hear in this case. We'll take a short recess, and you will be hearing final arguments after which you'll be instructed as to the law in this trial. . . .

Appellant's trial counsel assisted in the settling of instructions and then the State argued. During the State's argument, appellant stated: "That's not my style of using one stupid gun for something like this."

The court said: "Mr. DeGuzman, you will remain quiet or you'll be removed from the court room." Trial counsel then stated that he did not feel he could effectively assist appellant in closing argument. The court then called on appellant, and appellant stated:

I just wanted to say I'm not the guy who did this, and this girl is lying; and she said that she knows me from Wahiawa.

The prosecutor thereupon objected and the court stated: "This is not time for testimony. This is time for final argument to summarize the argument which has been submitted."

The appellant replied:

About what? I need an attorney going help me. He not telling me nothing.

The prosecution objected. The court sustained the objection and then asked:

Do you have a final argument to make Mr. DeGuzman?

Appellant said:

 

I want to get a fair trial and I want to show that this girl is lying. The court replied:

You have been given an opportunity.

The appellant said:

I want to say that this girl is lying.

A lawyer has a duty to represent a client zealously (DR 7-101) but within the bounds of the law (DR 7-102). In this case, appellant's trial counsel's failure to present witnesses, constitutes a prima facie violation of Disciplinary Rule 7-101, unless presenting witnesses would transgress the limitations set forth in Disciplinary Rule 7-102.

A disagreement between trial counsel and his client as to strategy does not permit the lawyer to sit silent with respect to calling witnesses, if the trial court refuses to allow him to withdraw.

It is the function of counsel, and not the defendant, to determine what witnesses will be called. *People v. Schultheis,* 638 P.2d 8 (Colo. 1981). The disciplinary rules, however, forbid an attorney to call a witness when he knows that the witness is going to give perjured testimony or false evidence. DR 7-102(A)(4) and (7). As is noted in EC 7-26:

> The law and Disciplinary Rules prohibit the use of fraudulent, false, or perjured testimony or evidence. A lawyer who knowingly participates in introduction of such testimony or evidence is subject to discipline. A lawyer should, however, present any admissible evidence his client desires to have presented unless he knows, or from facts within his knowledge should know, that such testimony or evidence is false, fraudulent, or perjured.

Here, after counsel had indicated in his opening statement that the defense would be one of alibi, to wit: that appellant was not at the place of robbery when it occurred but was at home, the State introduced in evidence Exhibit 26. Later the State produced defendant's Exhibit A showing appellant wearing a shirt which, from appearances, is identical to Exhibit 26. There is nothing unique about the shirt or its pattern. Yet the shirt, the photograph and the unspecified disagreement between appellant and his counsel are the only things in the record which are relied upon to justify counsel's failure to present witnesses. As has been said:

> A lawyer's belief that a witness intends to offer false testimony, however, must be based upon an independent investigation of the evidence or upon distinct statements by his client or the witness

which support that belief. A mere inconsistency in the client's story is insufficient in and of itself to support the conclusion that a witness will offer false testimony.

*People v. Schultheis, supra,* 638 P.2d at 11.

If the shirt, the photograph and a disagreement as to which witness to call were the only bases for counsel's failure to present witnesses, then the provisions of DR 7-102 do not justify counsel's conduct, whether that conduct arose from a failure to understand his obligations under DR 7-101 or from an intentional failure to act effectively in order to create a basis for a new trial.[1]

Additionally, court or counsel, on the record, should have adequately explained to the appellant that he had a right to testify and to call witnesses. Moreover while the court gave appellant an opportunity to argue, it erroneously cut him off, on the objection of the prosecutor, when he contended that the victim was lying in her identification testimony.

We conclude that appellant did not receive the effective assistance of counsel at trial.

For the future, we recommend to the bench and bar that where the court refuses to permit counsel to withdraw from the case, and the reasons for the motion to withdraw have not been disclosed to the court, because of counsel's apprehension that such a disclosure might prejudice his client's case, the court should permit counsel to make a record of those reasons before the reporter, in the absence of court, jury and opposing counsel. Reversed and remanded for a new trial.

*Richard L. Hoke* for appellant.

*Sheila Burger,* Deputy Prosecuting Attorney, for appellee.

---

[1] Of course there may have been other reasons which were not made a part of the record, but which could have justified counsel's conduct.