**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John James SHERMAN,**
**Defendant-Appellant.**

**No. 86–1275.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1987.

Decided June 22, 1987.

John S. Leonardo, Tucson, Ariz., for plaintiff-appellee.

Francisco Leon, Tucson, Ariz., for defendant-appellant.

Before SNEED, ALARCON and CANBY, Circuit Judges.

## OPINION

ALARCON, Circuit Judge.

Defendant-appellant John James Sherman appeals from the judgment of conviction of being a felon in possession of a firearm and being a felon in receipt of ammunition in violation of 18 U.S.C.App. § 1202(a)(1) and 18 U.S.C. § 922(h)(1) (1982).

The primary question we must address is whether it was plain error for the district

court to conduct an in-chambers proceeding concerning jury instructions in the absence of the defendant. Sherman also argues that we must reverse the judgment because the district court denied his motion to compel the government to elect which of the eight counts charging him with being a felon in possession of a firearm it would present to the jury and erred in restricting his cross-examination of two government witnesses. We conclude no error occurred in conducting the conference on jury instructions outside the presence of the defendant or in the restriction of cross-examination, and that no prejudice resulted from the denial of the motion to elect the possession charges. We discuss each contention and the facts pertinent thereto under separate headings.

## I.

### *Absence of Defendant From Proceedings Concerning Jury Instructions*

Before charging the jury, the district court held a conference in chambers with counsel for defendant and the government to hear argument on requested jury instructions. Sherman was not present at this conference. Neither Sherman nor his counsel objected to the defendant's absence from the conference on jury instructions.[1] Sherman does not claim any instructional error.

Sherman contends that the in-chambers discussion of jury instructions in his absence constitutes plain error under Fed.R. Crim.P.Rule 43. We disagree.

When a defendant raises an issue on appeal that was not raised before the district judge, we review the record to determine whether plain error occurred. *See* Fed.R.Evid.Rule 103(d); *United States v. Bustillo,* 789 F.2d 1364, 1367 (9th Cir.1986).

---

1. We note that in a different factual context, the Supreme Court held that any right a defendant may have under Fed.R.Crim.P.Rule 43 is waived by the failure to object in the district court. *United States v. Gagnon,* 470 U.S. 522, 527–29, 105 S.Ct. 1482, 1484–86, 84 L.Ed.2d 486 (1985) (per curiam). In *Gagnon,* the district court conducted an in-chambers conference with a juror and defense counsel regarding a juror's concern with defendant sketching pictures of the jury during trial. *Id.* at 523–24, 105 S.Ct. at 1482–83. The Court assumed for purposes of the opinion that "the conference with the juror was a 'stage of the trial' at which Gagnon's presence was guaranteed by Federal Rule of Criminal Procedure 43." *Id.* at 527, 105 S.Ct. at 1485.

"A plain error is a highly prejudicial error affecting substantial rights." *Bustillo,* 789 F.2d at 1367 (quoting *United States v. Giese,* 597 F.2d 1170, 1199 (9th Cir.), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)).

Rule 43(a) provides that "[t]he defendant shall be present at the arraignment, at the time of the plea, *at every stage of the trial* including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule." (Emphasis added). One exception to the presence requirement is that "[a] defendant need not be present ... [a]t a conference or argument upon a question of law." Fed.R.Crim.P.Rule 43(c)(3). The right to be present at every stage of the trial set forth in Rule 43 is more far-reaching than the right of a defendant to attend his trial as guaranteed by the Constitution. *United States v. Brown,* 571 F.2d 980, 986 (6th Cir.1978) ("The Constitution only grants to the criminal defendant the 'right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings....' ") (quoting *Faretta v. California,* 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562 (1975)).

■ The Fifth Circuit has held that "[a] defendant does not have a federal constitutional or statutory right to attend a conference between the trial court and counsel concerned with the purely legal matter of determining what jury instructions the trial court will issue." *United States v. Graves,* 669 F.2d 964, 972 (5th Cir.1982); *United States v. Gregorio,* 497 F.2d 1253, 1256–60 (4th Cir.), *cert. denied,* 419 U.S. 1024, 95 S.Ct. 501, 42 L.Ed.2d 298 (1974); *United States v. Lewis,* 420 F.2d 686, 686–87 (5th Cir.1970) (per curiam); *Root v. Cunningham,* 344 F.2d 1, 3–5 (4th Cir.), *cert. denied,* 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965); *United States v. Switzer,* 252 F.2d 139, 145 (2d Cir.), *cert. denied,* 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366 (1958); *Pope v. United States,* 287 F.Supp. 214, 219 (W.D.Tex.1967), *aff'd,* 398 F.2d 834 (5th Cir.1968), *cert. denied,* 393 U.S. 1097, 89 S.Ct. 886, 21 L.Ed.2d 787 (1969);

*see also Brown,* 571 F.2d at 987. We are persuaded by the Fifth Circuit's analysis of this question. We hold that a hearing outside the presence of the jury concerning the selection of jury instructions is a "conference or argument upon a question of law" under Fed.R.Crim.P.Rule 43(c)(3). The district court's failure to require that Sherman be present during the in-chambers proceedings regarding the jury instructions was not error.

## II.

### *Refusal Of The Motion To Elect The Possession Counts*

Sherman claims that he was denied a fair trial because the district court refused to compel the government to elect which of the eight counts of possession of firearms it would present to the jury. The jury found Sherman guilty of eight counts of violating section 1202(a)(1). Prior to sentencing, the district court dismissed seven of the eight section 1202(a)(1) counts. The government concedes the district court should have consolidated the eight counts charging possession of a firearm under *United States v. Wiga,* 662 F.2d 1325, 1336 (9th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982) (quoting *United States v. Rosenbarger,* 536 F.2d 715, 721 (6th Cir.1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977)). In *Wiga,* we held that only one offense can be charged under section 1202(a)(1) regardless of the number of firearms involved, absent a showing that the firearms were stored or acquired at different times and places. *Wiga,* 662 F.2d at 1336. The government argues that the error was harmless because seven of the eight possession counts were dismissed prior to sentencing.

■ In some situations, a district court's error in failing to require election of duplicative counts in an indictment is cured if the convictions on all but one count are vacated. *United States v. Anderson,* 709 F.2d 1305, 1306 (9th Cir.1983), *cert. denied,* 465 U.S. 1104, 104 S.Ct. 1605, 80 L.Ed.2d 135 (1984); *accord United States v. Kimberlin,* 776 F.2d 1344, 1348 (7th Cir.1985),

*cert. denied,* —— U.S. ——, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986). We recognize, however, that the filing of multiple charges may be prejudicial where the evidence of guilt as to some of the alleged offenses may be weak or inconclusive. Under such circumstances, there is a risk that the jury may have returned a verdict of guilty on counts as to which it may have otherwise formed a reasonable doubt, solely because of the strength of the evidence on the remaining counts.

■ Sherman has failed to persuade us that the jury could have been improperly influenced by the fact that the indictment charged him with the possession of eight firearms in separate charges. The same evidence would have been presented to the jury had the government charged him with possession of eight firearms in a single count.

The evidence of possession of each of the firearms was uncontradicted and overwhelming. Sherman was observed in possession of three firearms on February 14, 1986 at a firing range by an agent of the Bureau of Alcohol, Tobacco and Firearms (A.T.F.). Sherman fired each of these weapons. He also purchased ammunition at the firing range. On February 20, 1986, A.T.F. agents seized these weapons and five others at Sherman's residence.

At trial, Sherman stipulated that he had been convicted of a felony. He offered no defense to the government's evidence that he was in possession of each of the firearms. In closing argument his attorney conceded that Sherman was a convicted felon and informed the jury "[w]e cannot argue about whether or not they were guns." We are satisfied that under the circumstances of this case the outcome of the trial was not affected by the district court's error in denying Sherman's motion to compel the government to elect which of the eight counts of possession of firearms it would present to the jury.

### III.

*Limitation On Cross-Examination*

Sherman also seeks reversal on the ground that the district court committed prejudicial error in restricting the cross-examination of the A.T.F. agents. Sherman argues that, in cross-examining the A.T.F. agents, his attorney was attempting to establish "that both Horn [the operator of the firing range] and Steinfeldt [Sherman's former employer] had told the agents that they were opposed to appellant's political views and that Steinfeldt wanted to fire appellant from his job." Sherman has failed to identify the portion of the record which would demonstrate that these questions were propounded. He has also neglected to inform us where we may find the government's objections to such testimony and the court's adverse rulings. This omission is in clear violation of Rule 13(b)(2)(B), Rules of the United States Court of Appeals for the Ninth Circuit. Nevertheless, we have searched the record of the cross-examination of the A.T.F. agents. We did not find any questions which sought to elicit the hearsay statements purportedly made by Horn and Steinfeldt. The record does reflect that objections to certain questions on cross-examination were sustained. Agent Gonzales was asked: "Do you know if Mr. Sherman was being investigated for anything other than possibly possessing firearms?" Agent Thomason was asked: "Are you aware of the Tucson Victor Court Fighters, an organization—?" Objections on relevancy grounds were sustained to each of these questions. No offer of proof was made to demonstrate their relevancy.

Sherman contends that the district court's adverse evidentiary rulings prevented him from establishing bias and prejudice. This argument is somewhat baffling in view of the fact that Horn and Steinfeldt were ultimately called to testify as *defense* witnesses.

■ "The sixth amendment guarantees criminal defendants the right to cross-examine adverse witnesses to uncover possible bias and to expose the witness's motivation in testifying." *Reiger v. Christensen,* 789 F.2d 1425, 1433 (9th Cir.1986) (citing *Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974)).

This right, however, is not absolute, *Reiger*, 789 F.2d at 1433, nor unlimited, *United States v. Bleckner*, 601 F.2d 382, 385 (9th Cir.1979). The matters that the defendant intends to pursue on cross-examination must be at least relevant: "[S]ome topics may be of such minimal relevance that the trial court would be justified either in totally prohibiting cross-examination about them or in allowing only limited questioning." *Skinner v. Cardwell*, 564 F.2d 1381, 1389 (9th Cir.1977), *cert. denied*, 435 U.S. 1009, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978). "[T]he scope of cross-examination is within the sound discretion of the trial court and will not be disturbed on appeal absent clear abuse of discretion." *Bleckner*, 601 F.2d at 385.

■ Assuming that the questions asked by defense counsel sought to elicit evidence of the motivation of the persons who may have alerted the A.T.F. agents to the fact that Sherman was in possession of firearms, the district court's determination that such testimony would not be relevant was not a clear abuse of discretion. The government's proof that Sherman was in possession of firearms was based on the independent observation of the A.T.F. agents—not on hearsay information obtained from informants. No showing has been made that the bias or prejudice of the informants, if any existed, affected the integrity or trustworthiness of the government's evidence. As noted above, the evidence of possession of firearms was uncontradicted.

AFFIRMED.