892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moshe FOX, Defendant-Appellant.
 No. 88-5408.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1989.
Decided Jan. 9, 1990.
 
 Before GOODWIN, Chief Judge, and SCHROEDER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Moshe Fox appeals his conviction, following a jury trial, for conspiracy to distribute cocaine, possession with intent to distribute cocaine and distribution of cocaine.
 
 
 3
 The district court denied Fox's motion to suppress a photograph of Fox and a paper containing the telephone number of Barbara Molar, the alleged buyer of the cocaine. The items were found in the hotel room which officers entered without a warrant. The district court further denied Fox's motion to suppress evidence regarding a telephone call placed by Fox to room 322 and received by Agent Rasmussen in that room. Fox maintains on appeal that the district court erred in finding that exigent circumstances justifying the warrantless entry existed. We disagree. The evidence shows that the officers had reason to believe that Fox had recently been in the room, that a cocaine transaction was contemplated in that room, and that an agent heard rustling sounds coming from the room. Furthermore, a telephonic warrant could not have been obtained without increasing the risk that the cocaine would be destroyed given the fact that cocaine is readily disposable and that it ultimately took Agent Rasmussen over an hour to obtain a telephonic warrant. See United States v. Echegoyen, 799 F.2d 1271, 1279 n. 6 (9th Cir.1986) (obtaining telephonic warrant impractical despite the fact that officers spent approximately three hours at the location before making their initial entry); see also United States v. Good, 780 F.2d 773, 775 (9th Cir.), cert. denied, 475 U.S. 1111 (1986). Under such circumstances, a warrant for entry was not required. See United States v. Astorga-Torres, 682 F.2d 1331, 1335 (9th Cir.), cert. denied, 459 U.S. 1040 (1982) (warrantless entry justified where officers believed appellants were in possession of drugs--a substance particularly susceptible to destruction); see also United States v. Cisneros, 448 F.2d 298, 304 (9th Cir.1971). Since the warrantless entry was justified, the phone call and any evidence discovered in plain view were admissible. Astorga-Torres, 682 F.2d at 1334.
 
 
 4
 Even if the entry was not valid, the district court found that the photograph and the paper containing Molar's number were only discovered after a valid telephonic warrant had been obtained. Under Segura v. United States, 468 U.S. 796, 813-14 (1984), evidence seized pursuant to a valid search warrant is admissible even if there was a previous invalid entry into the place to be searched so long as the facts forming the basis for the search warrant were not derived from the prior illegal entry. Fox does not contend that evidence obtained during the initial entry formed the basis for the subsequent search warrant; the evidence, therefore, was admissible.
 
 
 5
 Fox next contends that the district court abused its discretion in admitting hearsay statements of the child who answered the telephone in the hotel room. Fox failed to object to the admission of the statements on relevancy grounds at trial; hence, we review for plain error. United States v. Morris, 827 F.2d 1348, 1350 (9th Cir.1987), cert. denied, 108 S.Ct. 726 (1988); United States v. Sherman, 821 F.2d 1337, 1338 (9th Cir.1987). Fox maintains that the statements were admitted for the truth of the matters asserted. The government disagrees. Even assuming that the child's statements connecting Fox to recent occupancy in the room were admitted for the truth of the matters asserted, there was so much other evidence linking Fox to the room that the admission of the child's statements is not reversible error. See United States v. Sanchez-Lopez, No. 88-3102, slip op. at 6648 (9th Cir. June 22, 1989). Barbara Molar testified that she had purchased cocaine from Fox earlier that day in Room 322. The room was registered in Fox's name and Rasmussen found Fox's wallet in the room.
 
 
 6
 Fox next contends that the trial court abused its discretion in allowing Agent Rasmussen to express his opinion as to why no narcotics transaction occurred on the evening of October 14, 1986, and why agents failed to find contraband in Fox's hotel room. The decision to admit expert testimony lies within the broad discretion of the trial court. United States v. Cuevas, 847 F.2d 1417, 1428 (9th Cir.1988), cert. denied, 109 S.Ct. 1122 (1989). The district court admitted this testimony only after defense counsel "opened the door" by asking Rasmussen his beliefs on these subjects. See United States v. Lopez, 803 F.2d 969, 972 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987) ("where the defendant opens the door to an argument, it may be 'fair advocacy' for the prosecution to enter"); see, e.g., United States v. Sotelo-Murillo, No. 85-5291, slip op. at 12381 (9th Cir. Oct. 4, 1989); United States v. Beltran-Rios, 878 F.2d 1208, 1211 (9th Cir.1989). Moreover, this court has consistently upheld introduction of testimony by police officers to help the jury understand complex narcotics distribution schemes. See United States v. Patterson, 819 F.2d 1495, 1507 (9th Cir.1987); Fed.R.Evid. 702.
 
 
 7
 Fox has shown no abuse of discretion in the district court's ruling that the witness Molar would not have to disclose the names of her sources. The record reflects the court's concern for the witness' safety, a concern which is appropriate. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Moreover, Fox enjoyed the full scope of cross-examination in all other respects. See United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 109 S.Ct. 812 (1989) (once cross-examination reveals sufficient information with which to appraise a witness' possible bias and motives, the sixth amendment's confrontation demands are satisfied); United States v. Jackson, 756 F.2d 703, 707 (9th Cir.1985); United States v. Lester, 749 F.2d 1288, 1300 (9th Cir.1984).
 
 
 8
 We further find that the evidence was sufficient to support the conviction. Police surveillance and telephone records corroborated Molar's testimony and it was the prerogative of the jury to believe that she purchased cocaine from Fox and was to purchase additional cocaine from him on the evening in question. See United States v. Lopez, 803 F.2d at 973.
 
 
 9
 We further find that the prosecutor did not commit prejudicial error in her opening and closing remarks. First, the prosecutor's alleged misstatements were so minor that they cannot be said to have made an "impact upon the jury" or to have "undermine[d] the fundamental fairness of the trial" in light of the record as a whole. See United States v. Young, 470 U.S. 1, 16 (1985); United States v. Patel, 762 F.2d 784, 795 (9th Cir.1985). Second, most of the prosecutor's comments were reasonable inferences from the record. See United States v. Gray, 876 F.2d 1411, 1417 (9th Cir.1989) (prosecutor could reasonably infer that defendant had hidden in Mexico where officials arrested defendant in Mexico and where warrant for arrest remained outstanding for three months); Patel, 762 F.2d at 795.
 
 
 10
 Fox's claim of ineffective assistance of counsel is also without merit. See Nix v. Whiteside, 475 U.S. 157, 106 S.Ct. 156, 89 L.Ed. 123 (1986) (sixth amendment right to assistance of counsel not violated when attorney refuses to cooperate with defendant in presenting perjured testimony); United States v. Harden, 846 F.2d 1229, 1232 (9th Cir.1988) (no ineffective assistance of counsel as decision not to call a witness whose credibility would have been at issue was reasonable), cert. denied, 109 S.Ct. 264 (1984); Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986) (no ineffective assistance of counsel where defense attorney failed to interview certain witnesses, where counsel was well-informed of facts and circumstances of the case).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3