**STATE OF HAWAII**, Plaintiff–Appellee, v. **TERRY TEXIDOR**, Defendant–Appellant, and **RENEE AGUSTIN**, Defendant

NO. 15354

(CR. NO. 88–1442)

MARCH 25, 1992

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF MOON, J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for one count of promoting a dangerous drug in the first degree in violation of HRS § 712–1241(1)(b)(ii)(A) and two counts of promoting a dangerous drug in the second degree in violation of HRS § 712–1242(1)(c).

The trial commenced on October 29, 1990, and ended with a jury verdict of guilty on October 31, 1990. On October 30, 1990, after the State had presented its evidence and rested, the defense rested without presenting any evidence. On October 31, 1990, prior to closing arguments being made, a hearing, commencing at 9:13 a.m., was held. The appellant was not present. His counsel stated:

> Your Honor, I'm waiving the defendant's presence in this matter. What I wanted to do, Your Honor, is place on the record, in the presence of the court reporter alone, the reasons why I did not give an opening statement. I would ask that the Court and opposing counsel not to be [sic] present when I do so in order to protect my client on appeal; and, also, for sentencing, that there wouldn't be an argument that making representations in front of the Court and/or opposing counsel prejudiced him on sentencing.

Thereafter the judge excused himself, the prosecutor remained in the room and appellant's counsel made his statement in front of the reporter.

On appeal, appellant contends that his right to be present, under HRPP 43, and the Constitutions of the State of Hawaii and the United States, was violated by the hearing in question. We agree.

A criminal defendant has a right to be present at all stages of a trial from its commencement through the imposition of sentence unless that right is waived by the appellant. *State v. Okumura,* 58 Haw. 425, 570 P.2d 848 (1977); *State v. Caraballo,* 62 Haw. 309, 615 P.2d 91 (1980); *Taylor v. United States,* 414 U.S. 17, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973). Settled case law is that the right is one which the defendant has, and that counsel cannot waive that right.

Here, there is absolutely no showing in the record of any waiver of the right on the part of defendant.

The hearing of October 31, 1990, was completely without precedent. In the briefs, *State v. DeGuzman*, 68 Haw. 14, 701 P.2d 1287 (1985), has been cited to us. This, however, is not a *DeGuzman* situation. There was no motion to withdraw by counsel for the defendant, and there was no prospect of perjured testimony since both sides had rested. Moreover, no showing that the investigation and spelling out of detailed reasons, required by *DeGuzman*, was made before the reporter below. Finally, *DeGuzman* does not indicate that the hearing there suggested is an exception to HRPP 43, or to the constitutional right of the defendant to be present at all proceedings after the commencement of trial.

Accordingly, the judgment below is vacated and the case is remanded for a new trial.

*Ray A. Findlay* for appellant.
*James H.S. Choi*, Deputy Prosecuting Attorney, for appellee.