**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **GEORGE AKIRA TOGUCHI**, Defendant–Appellant

NO. 15699

(CR. NO. 90–2004)

FEBRUARY 17, 1993

BURNS, C.J., HEEN AND WATANABE, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant George Akira Toguchi (Toguchi) appeals the circuit court's August 10, 1991 judgment upon a jury verdict convicting him of assault in the third degree, Hawai'i Revised Statutes § 707–712(1)(a) (1985). We affirm.

Toguchi was not personally present at the conference between the trial judge and counsel for each side to settle jury instructions. Toguchi's counsel, who was present at that conference, expressly waived Toguchi's presence. Toguchi was present in court when the trial judge instructed the jury and did not object to any of the jury instructions.

Toguchi's sole point on appeal is that his state and/or federal constitutional rights to be personally present at all stages of his trial, *State v. Texidor*, 73 Haw. 97, 828 P.2d 280 (1992), were violated when he was not personally present at the conference between the trial judge and counsel for each side to settle the jury instructions. We conclude that Toguchi's point is without merit.

Federal Rules of Criminal Procedure (FRCP) Rule 43(c)(3) states that a defendant's personal presence is not required at a conference upon a question of law. The federal courts have unanimously held that a conference between the trial judge and counsel for each side to settle jury instructions is a conference upon a question of law. *See United States v. Sherman*, 821 F.2d 1337 (9th Cir. 1987), and the cases cited therein. *Sherman* also holds that FRCP Rule 43(c)(3) does not violate a defendant's rights under the United States Constitution. *Id.* at 1339.

Hawai'i Rules of Penal Procedure (HRPP) Rule 43(c)(3) is identical to FRCP Rule 43(c)(3). Thus, the construction of FRCP Rule 43(c)(3) by the federal courts is persuasive. *See State v. Pacarro*, 61 Haw. 84, 595 P.2d 295 (1979). Therefore, we conclude that for purposes of HRPP Rule 43(c)(3) a conference between the trial judge and counsel for each side to settle jury instructions is a conference upon a question of law. In the absence of a valid reason to conclude that the Hawai'i Constitution as applied in this situation differs from the United States Constitution, we also conclude that HRPP Rule 43(c)(3) does not violate a defendant's rights under the Hawai'i Constitution.

Consequently, Toguchi did not have any constitutional or other right to be personally present at the conference between the trial judge and counsel for each side to settle jury instructions, and his absence from that conference was not a violation of his constitutional or other rights.

Accordingly, we affirm the circuit court's October 10, 1991 judgment convicting defendant George Akira Toguchi of assault in the third degree, Hawai'i Revised Statutes § 707–712(1)(a).

*Charles B. Fey*, on the brief, for defendant–appellant.

*James M. Anderson*, Deputy Prosecuting Attorney, on the brief, for plaintiff–appellee.