**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **CLAY MITCHELL PALMEIRA**, Defendant–Appellant

NO. 16109

(CR. NO. 91–0504)

NOVEMBER 29, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

OPINION OF THE COURT BY HEEN, J.

We affirm Defendant–Appellant Clay Mitchell Palmeira's (Defendant) conviction for the offense of Unauthorized Control of Propelled Vehicle (UCPV). Hawai'i Revised Statutes (HRS) § 708–836 (1985).

## A.

### 1.

Defendant first argues that his right to be present at all stages of the proceedings against him under both the United States Constitution, the Hawai'i State Constitution, and Rule 43, Hawai'i Rules of Penal Procedure (HRPP) (1985), was violated when the trial court held three chamber hearings in his absence and without his personal waiver of that right. The argument is without merit.

The hearings were (1) a pretrial hearing on Defendant's motion *in limine* to prevent the prosecution from attempting to introduce certain evidence; (2) a hearing during trial to discuss defense counsel's objection to a

question posed to a State witness by the prosecutor; and (3) a hearing on separate oral motions for judgment of acquittal and mistrial made during the conference to settle jury instructions. Neither Defendant nor the jury was present at any of those proceedings; Defendant did not waive his presence; and no evidence was taken.

## 2.

It is well settled that a defendant has the right to be present at all stages of the proceedings against him, *State v. Samuel*, 74 Haw. 141, 838 P.2d 1374 (1992); *State v. Toguchi*, 9 Haw. App. 466, 845 P.2d 557 (1993), and that right is violated when the court conducts proceedings without the defendant present and without his personal waiver. *State v. Texidor*, 73 Haw. 97, 828 P.2d 280 (1992) (citing *State v. Caraballo*, 62 Haw. 309, 615 P.2d 91 (1980), and *State v. Okumura*, 58 Haw. 425, 570 P.2d 848 (1977)).

In both *Samuel* and *Toguchi*, the defendants claimed that they had a right to attend a conference to settle jury instructions. The supreme court in *Samuel* rejected the argument but noted that "in a proceeding where the jury is present or testimony is given, the defendant's presence is constitutionally required." *Samuel*, 74 Haw. at 154, 838 P.2d at 1381. On the other hand, Rule 43(c)(3), HRPP, states that a defendant's presence is not required "[a]t a conference or argument upon a question of law[.]"

Our appellate courts have not previously decided Rule 43(c)(3)'s application to situations other than jury instructions. Since our rule is patterned after Rule 43 of the Federal Rules of Criminal Procedure, we may look to federal court rulings to determine whether the hearings in this case violated Defendant's right to be present. *Samuel*.

First, however, we deem it enlightening to note the origins of the present language of the federal rule.

When it was originally adopted, Rule 43 was silent on whether defendant had a right to be present in conferences in chambers or arguments on motions. The Advisory Committee Note to the original rule, however, did say that the principle of requiring defendant's presence "does not apply to hearings on motions made prior to or after trial." As had been said of another committee in another context, "the Advisory Committee's qualification in the Notes of important textual language is a questionable technique." Thus it was wise that when the rule was amended in 1975, it was made to speak to this problem. Rule 43(c)(3) now says that the defendant need not be present at "a conference or argument upon a question of law."

Undoubtedly there are many motions that require only "argument upon a question of law." Neither the rule nor the Constitution requires the presence of defendant at the argument on such a motion. If fact issues are presented, however, as they often will be on a pretrial motion to suppress evidence or on some motions for new trial, it would seem that defendant has a right to be present although in some instances his absence can be regarded as harmless error.

The absence of defendant from a conference in chambers or at sidebar is ordinarily held not to be reversible error, either on the ground that the conference was on a question of law or that defendant's interest was fully protected by the presence

of his counsel and there was no possibility of prejudice to him from not being present.

3A C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: *Criminal* § 721.1, at 10–12 (1982) (footnotes omitted).

In *United States v. Veatch*, 674 F.2d 1217, 1225 (9th Cir. 1981), *cert. denied*, 456 U.S. 946, 102 S. Ct. 2013, 72 L. Ed. 2d 469 (1982) (quoting *Badger v. Cardwell*, 587 F.2d 968, 970 (9th Cir. 1978)), the court stated that although the right of presence is "'ancient and well–established,' . . . it is not all encompassing or absolute."

[T]he existence of a right to be present depends upon a conclusion that absence could, under some set of circumstances, be harmful. Due process does not assure "the privilege of presence when presence would be useless, or the benefit but a shadow."

*Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106–07, 54 S. Ct. 330, 332, 78 L. Ed. 674, 678–79 (1934)).

Generally, the federal courts have held that the defendant must be present where the subject of the proceeding involves the taking of testimony or evidence. *See, e.g., United States v. Hurse*, 477 F.2d 31 (8th Cir.), *cert. denied*, 414 U.S. 908, 94 S. Ct. 245, 38 L. Ed. 2d 146 (1973); *United States v. Dalli*, 424 F.2d 45 (2d Cir.), *cert. denied*, 400 U.S. 821, 91 S. Ct. 39, 27 L. Ed. 2d 49 (1970); *Poteat v. United States*, 330 A.2d 229 (D. C. App. 1974). However, where the proceeding only involves a question of law, the defendant's right is not violated by his absence. *United States v. Moore*, 936 F.2d 1508 (7th Cir.), *cert. denied*, ___ U.S. ___, 112 S. Ct. 607, 116 L. Ed. 2d 630 (1991); *United States v. Johnson*, 859 F.2d 1289 (7th Cir. 1988); *Veatch; United States v. Davis*, 809 F.2d

1194 (6th Cir.), *cert. denied*, 483 U.S. 1007, 107 S. Ct. 3234, 97 L. Ed. 2d 740 (1987).

The dispositive issue, then, is whether the hearings in this case involved questions of law or the taking of testimony. Our review of the record of those hearings indicates that none involved the taking of testimony or other evidence. Rather, they involved principles of law. Additionally, Defendant was in no way prejudiced because he was not present. Consequently, his right of presence was not violated.

### 3.

The motion *in limine* asked the court to preclude the prosecutor from (1) eliciting conclusory statements from two witnesses; and (2) introducing evidence of Defendant's (a) use or consumption of alcohol or illegal drugs; (b) distribution of illegal drugs; and (c) prior bad acts. No evidence was taken or offered at the hearing on the motion. The hearing lasted only 13 minutes and consisted almost entirely of the prosecutor recounting the evidence that Defendant sought to preclude and advising the court that the State did not intend to introduce such evidence. Defense counsel said very little.

The second hearing came when Defendant objected to the prosecutor asking a witness: "Did the defendant have a car other than the one — the truck you saw him driving?" Again, the hearing was very brief, consisting almost entirely of the prosecutor's argument in support of the question and the court's ruling that the evidence was inadmissible. No evidence was offered or taken, and defense counsel said nothing.

The third hearing took place at the outset of the customary chambers conference to settle jury instructions when Defendant perfunctorily moved for judgment of

acquittal, which the court denied. Defendant then moved for dismissal on the ground of prosecutorial misconduct, which was also denied. Defendant's assertion that the argument on the two oral motions necessarily implicated the evidence is without merit. No evidence was taken.

## B.

Defendant testified that, having seen the vehicle parked near the driveway of his house for several days, he concluded that it was abandoned. Therefore, believing that he could legally claim it for himself, he started the engine without using a key and drove the vehicle. Accordingly, Defendant requested, and the court refused, the following jury instruction:

> It is a defense to a prosecution for *Unauthorized Control of Propelled Vehicle* that the defendant believed that he was entitled to the property under a claim of right or that he was authorized by law to obtain or exert control as he did. (Emphasis in original.)

Defendant argues that he was entitled to the instruction because first, in accordance with HRS § 701–109(4)(a) and (c) (1985), UCPV is included in the offense of theft;[1] and second, the defense is specifically provided

---

[1] Hawai'i Revised Statutes (HRS) § 701–109(4)(a) and (c) (1985) read as follows:

**Method of prosecution when conduct establishes an element of more than one offense.**

\* \* \*

(4)  A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

for in HRS § 708–834(1)(b) (1985), as a defense to theft.[2]

Defendant contends that UCPV differs from theft only in degree of culpability. Theft requires an intent to deprive the owner of his property, while UCPV merely requires that the motor vehicle be used without the consent of the owner. Defendant argues that, since the two offenses are in the same part of the penal code and fit into the same statutory scheme except for the degree of culpability, "theft is . . . an 'aggravated' form of [UCPV]." Therefore, UCPV is a lesser included offense of theft, and HRS § 708–834(1)(b)'s defense is applicable in this case. The argument is ingenious but flawed.

Our duty in construing the statutes is to ascertain and give effect to the legislature's intention to the fullest degree, *Methven–Abreu v. Hawaiian Ins. & Guar. Co.*, 73 Haw. 385, 834 P.2d 279 (1992), and the fundamental starting point is the language of the statute itself. *State v.*

---

    (a)  It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

* * *

    (c)  It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

[2] HRS § 708–834(1)(b) (1985) reads as follows:

**Defenses: unawareness of ownership; claim of right; household belongings, cointerest not a defense.** (1) It is a defense to a prosecution for theft that the defendant:

* * *

    (b)  Believed that he was entitled to the property or services under a claim of right or that he was authorized, by the owner or by law, to obtain or exert control as he did.

*Kumukau*, 71 Haw. 218, 787 P.2d 682 (1990). Statutory language must be read in the context of the entire statute and construed in a manner consistent with the purpose of the statute. *Methven*.

UCPV is indeed a form of theft. However, because it is difficult to prove intent to deprive in a UCPV case, the legislature has chosen to treat UCPV differently from the "garden variety" of theft. HRS § 708–836 was

> intended to deal with the special case of "joy riding," where the vehicle is returned in undamaged condition, and the temporary borrowing is just for the pleasure (or convenience) of operating the vehicle.

> * * *

> Previously Hawai['i had no statute dealing specifically with the problem of unauthorized use of a propelled vehicle. Instead, such cases were prosecuted as the offense of "malicious conversion" which covered any unauthorized moving, taking, carrying away, or converting, no matter how temporary.

Commentary on § 708–836 (footnotes omitted).

Defendant's construction of HRS § 708–834(1)(b) is contrary to the legislative purpose to differentiate between the two forms of theft and does not comport with the context of the theft statutes as a whole.

First, the legislature has provided a discrete defense to the offense of UCPV aside from the defense in § 708–834(1)(b). HRS § 708–836(3) provides that "[i]t is an affirmative defense to a prosecution under this section that the defendant reasonably believed that the owner would have authorized the use had he known of it." If the legislature had intended to make the § 708–834(1)(b)

defense applicable to UCPV it would undoubtedly have done so specifically. The fact that the legislature did not do so indicates that the omission was deliberate.

Additionally, the placement of § 708–834 immediately after the description of the ordinary theft offenses, but before the description of UCPV, indicates that the legislature intended § 708–834(1)(b)'s defense to apply only to the ordinary theft offenses.

## CONCLUSION

On the basis of the foregoing discussion, the judgment of conviction is affirmed.

*Ray Allen Findlay* on the briefs for defendant–appellant.

*Doraine F. Meyer*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.