96 F.3d 1452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James STAPLES, Defendant-Appellant.
 No. 95-50298.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1996.
Decided Sep. 03, 1996.
 
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 MEMORANDUM**
 James Staples appeals from his conviction and sentence on three counts of unlawfully possessing money stolen from the United States mails under 18 U.S.C. § 1708. We affirm in part, reverse in part, and remand for resentencing.
 We reject Staples's contention that the district court erred by denying his motion to dismiss the first superseding indictment on the ground of either governmental misconduct or vindictive prosecution. Staples failed to show that the government acted improperly by deciding to recharge him when, following two proper continuances and the locating of a previously missing witness, the case had been reassigned to and reevaluated by another Assistant United States Attorney. See generally Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978).
 On the other hand, we agree with Staples that, because his violation of 18 U.S.C. § 1708 amounted to a single act of unlawful possession resulting from a single theft of a single mail pouch, the three-count first superseding indictment was multiplicitous. See United States v. Anderson, 709 F.2d 1305, 1306 (9th Cir.1983) (indictment charging defendant with six counts of violating 18 U.S.C. § 1708 as result of single theft of six mail parcels was multiplicitous), cert. denied, 465 U.S. 1104 (1984). Accordingly, we must vacate his convictions on two of the three counts charged. See id. Cf. United States v. Szalkiewicz, 944 F.2d 653, 654 (9th Cir.1991) (per curiam) (absent specific jury finding of separate acts of unlawful possession of firearms, defendant's multiple convictions had to be vacated); United States v. Ravel, 930 F.2d 721, 724 (9th Cir.) (vacating convictions on multiplicitous counts because "crime of possession of stolen goods cannot be fragmented ... on the basis of ... when the defendant disposes of a portion"), cert. denied, 502 U.S. 911 (1991).
 We disagree with Staples's argument that the evidence was insufficient to support his conviction. The evidence showed, inter alia, that Staples was a former Trailwinds employee with the kind of "inside" knowledge needed for the type of theft involved; Staples's automobile had been seen closely following Trailwind's trucks travelling the same route prior to the theft; Staples's fingerprints were on a white box found in the Trailwinds truck that had been broken into; and Staples made bank deposits shortly after the theft consisting exclusively of $50 and $100 bills (the denominations of the bills stolen), conduct that was inconsistent with his prior account deposit history. Viewed in the light most favorable to the prosecution, it cannot be said that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 Staples's contention that the district court abused its discretion by failing to declare a mistrial is also devoid of merit. That five of the jurors believed a verdict was possible belies the notion that the jury was hopelessly deadlocked, and supports the trial judge's conclusion that a probability existed that the jury could reach a verdict within a reasonable time. See United States v. Green, 962 F.2d 938, 944 (9th Cir.1992) (citing United States v. Sommerstedt, 752 F.2d 1494, 1498 (9th Cir.), as amended, 760 F.2d 999 (9th Cir.), cert. denied, 474 U.S. 851 (1985)).
 Finally, we reject Staples's sentencing arguments. Because he was not the supervised driver of the Trailwinds truck that was broken into, the facts of Staples's case are distinguishable from those of the monitored dock worker in United States v. Cuff, 999 F.2d 1396 (9th Cir.1993) (per curiam). Accordingly, the two-level increase for abuse of a position of trust was proper. See United States v. Hill, 915 F.2d 502, 506 (9th Cir.1990); U.S.S.G. § 3B1.3. Similarly, we find no error in the district court's determination that Staples's false testimony amounted to an obstruction of justice for purposes of U.S.S.G. § 3C1.1.
 
 
 1
 Staples's conviction on Count I is AFFIRMED; his convictions on Counts II and III are VACATED; and the case is REMANDED for resentencing.
 
 
 
 *
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3