Maurice J. KEENAN, Petitioner—
Appellant,

v.

Jeanne S. WOODFORD, Warden of the California State Prison at San Quentin, Respondent—Appellee.

No. 02–15519.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2003.

Decided April 15, 2003.

---

Before: NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Maurice Keenan appeals the portions of the district court's order granting summary judgment to the defendants on his habeas corpus petition. Keenan's habeas corpus petition was filed before the effective date of the AEDPA and the AEDPA does not apply to this case. In its order, the district court found that Keenan was mentally competent at the time he was tried in 1982 and 1983. The court's competency determination defeated Keenan's ineffective assistance of counsel claim, inadequate waiver of the conflict of interest claim, and the claim that the trial court had a duty to hold a competency hearing *sua sponte*. The district court's factual finding that Keenan was competent to stand trial is reviewed for clear error. *United States v. Timbana*, 222 F.3d 688, 700 (9th Cir.2000).

■ On this record there is no clear error in finding that Keenan was mentally competent at the time of the trial. All three trial attorneys testified that they knew the legal standards for mental capacity and would have raised the issue with the trial judge if they believed Keenan was incompetent. At the time of the trial Dr. Benson and Dr. Pierce both examined Keenan and neither raised the issue of his competency to. stand trial. The doctors testified differently at the evidentiary hearing, but the district court found their change in position was not credible. In

making its credibility decision, the district court reviewed the doctors' trial testimony, their stated position in post-trial appeals, and their current explanation for their change in position.

On appeal Keenan does not point to any clear error in this determination. Once Keenan is found to be mentally competent, all of his claims fall for lack of prejudice. The trial court did not err by not *sua sponte* holding a competency hearing because Keenan was competent. There was no ineffective assistance of counsel for not presenting mental competency defenses and Keenan was mentally competent to waive his attorney's conflict of interest.

■ Additionally, Keenan argues that he was deprived of due process rights when his attorney withdrew jury instructions related to diminished capacity and lesser included offenses in a conference with the judge out of his presence. He specifically claims that he was denied due process because he did not waive his presence at the conference and did not consent to the withdrawal of the instructions. The district court determined that this due process claim was not a "new rule" under *Teague v. Lane*, 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and Keenan could properly raise the argument in his habeas petition. Then the district court ruled against Keenan on the merits because Keenan failed to show his constitutional rights were violated. Keenan appeals · the determination that no rights were violated.

The district court did not err in rejecting Keenan's claim. There is no constitutional right to be present at a conference on jury instructions. As the Fifth Circuit has held, which we approved in *United*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Sherman,* 821 F.2d 1337, 1339 (9th Cir.1987), "[a] defendant does not have a federal constitutional ... right to attend a conference between the trial court and counsel concerned with the purely legal matter of determining what jury instructions the trial court will issue." *United States v. Graves,* 669 F.2d 964, 972 (5th Cir.1982). The withdrawal of the jury instructions was not the "functional equivalent of a guilty plea" and does not fall within the scope of *Wright v. Craven,* 461 F.2d 1109 (9th Cir.1972).

■ In response to Keenan's appeal the government argues again that requiring a personal waiver is a "new rule" and is barred by *Teague v. Lane.* The district court determined that a personal waiver was required under *Wright* and this due process claim was not barred.

A holding constitutes a "new rule" when it "imposes a new obligation on the states or the federal government." *Graham v. Collins,* 506 U.S. 461, 467, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993). In *Wright* this court held that when a defendant's admission to prior felony convictions was used as evidence to enhance punishment, then the defendant must knowingly make the admission and understand the consequences of doing so. *Wright,* 461 F.2d at 1109. The holding of *Wright* is not controlling in this situation where Keenan's attorney withdrew lesser included offenses and the diminished capacity defense from the jury instructions. A rule requiring a personal waiver from Keenan for this decision of his attorney would impose new obligations on the state and Keenan is barred from raising the argument in his habeas petition by *Teague v. Lane.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

For the reasons stated the district court's order is AFFIRMED.