**Robert W. MYERS, Petitioner—
Appellant,**

v.

**Maggie MILLER–STOUT,
Respondent—
Appellee.**

No. 03–35648.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Robert W. Myers, Monroe, WA, pro se.

Diana Margarita Sheythe, Esq., AGWA—Office of the Washington Attorney General (Olympia) Corrections Division, Olympia, WA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Robert W. Myers appeals the judgment of the district court denying his petition for a writ of habeas corpus. We affirm. Because the parties are familiar with the history of this case, we will not recount it here.

Myers argues that the Sentencing Review Board of the State of Washington ("Board") violated his constitutional rights when a portion of his parole revocation proceedings was conducted in his absence. The proceeding in question was an informal, pre-hearing conference led by a facilitator at which procedural issues, such as discovery and scheduling, were discussed. Because Myers' federal habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act applies, its provisions apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Thus, the district court could grant the petition only if the state court's decision was "contrary to, or involving an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Although defendants are entitled to the protection of procedural due process at a parole revocation hearing, *see Overton v. Bazzetta*, 539 U.S. 126, 138, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003), "the full panoply of rights due a defendant in [a criminal prosecution] does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

In order to revoke parole, there must be "(1) a formal finding that a ... parolee has committed a violation and (2) a determination that the violation was serious enough to warrant reimposing the ... parolee's original sentence." *United States v. Ramirez*, 347 F.3d 792, 800 (9th Cir.2003) (citations omitted). Due process requires that "the final revocation of probation must be preceded by a hearing, although the factfinding body need not be composed of judges or lawyers." *Black v. Romano*, 471 U.S. 606, 611–12, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) (citations omitted).

As part of this hearing, the parolee is entitled to (a) "written notice of the claimed violations of his probation;" (b) "disclosure of the evidence against him;" (c) "an opportunity to be heard in person and to present witnesses and documentary evidence;" (d) "a neutral hearing body;" (e) "a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation;" and (f) an opportunity to "cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation." *Id.* at 612, 105 S.Ct. 2254.

Myers has not shown that these due process requirements were not satisfied. The Board fulfilled all the procedural obligations required by federal law. Myers was provided with written notice regarding the specific nature of his violations and the supporting evidence, and he had a hearing that comported with the constitutional requirements of due process.

Myers' absence from the pre-hearing conference did not violate his constitutional right to due process. Even in criminal prosecutions, where the defendant enjoys greater due process protection, "[t]he right to be present exists only where the defendant's 'presence has a relation, reasonably substantial, to the fulness [sic] of his op-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

portunity to defend against the charge.'" *Rice v. Wood,* 77 F.3d 1138, 1141 n. 2 (9th Cir.1996) (quoting *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987)). A defendant's constitutional right to attend critical stages of criminal proceedings does not attach to conferences concerning purely legal or procedural matters. *See United States v. Romero,* 282 F.3d 683, 689–90 (9th Cir.2002); *United States v. Sherman,* 821 F.2d 1337, 1339 (9th Cir.1987). Even if the presence requirement extended to the circumstances here, Myers has failed to show any prejudice from any purported violation.

Thus, the district court correctly determined that the state court's resolution of this case was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

AFFIRMED.